FILED

?012 MAR 14  AM I0: 32

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

**FORM TO BE USED BY FEDERAL PRISONERS IN FILING A
CIVIL ACTION UNDER 28 U.S.C. § 1331 OR § 1346**

# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF FLORIDA

OCALA    DIVISION

ARLIS  GLENDELL  BLOUNT,
_____PLAINTIFF,_____

_____

_____

CASE NO.: 5:10-CV-655-WTH-TBS

AMENDED  COMPLAINT

(Enter above the fill name of the Plaintiff or
Plaintiffs in this action)


vs.


TAMYRA  JARVIS,  WARDEN;  I.L.  NEGRON,  M.D.;
LAWRENCE  GREEN,  M.D.;  HOSSAM  GEORGY,
ACTING  H.S.A.;  M.  PEREZ,  ASST.  HSA;
SEE ATTACHED PAGE FOR CONTINUATION: (4)(a)
(Enter above the full name of the Defendant or
Defendants in this action)

A.    Have you begun other actions in federal court dealing with the same facts involved in this action?

☐ Yes        ☒ No

B.    If your answer to A is yes, describe the action in the spaces below. (If there is more than one action,
describe the additional actions on the reverse side of this page).


1.    Parties to the action:  N/A _____

_____

2.    Court (federal court, name the district): N/A _____

_____

3.    Docket Number:   N/A _____

4. Name of judge to whom case was assigned: N/A

5. Disposition (i.e. Was the case dismissed? Was it appealed? Is it still pending?): N/A

C. Did you present the facts relating to your complaint in the internal prison grievance procedure?

   N/A    ☐Yes    ☐No

1. If your answer is yes, what was the result? N/A

2. If your answer is no, explain. N/A

D. Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

   N/A    ☐Yes    ☐No

1. If your answer is yes, state the date such claim was submitted and what action, if any, has been taken. N/A

2. If your claim has been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or federal agency concerning your claim.    N/A

E. Are you suing for a work related injury?

   N/A    ☐Yes    ☐No

1. If your answer is yes, state the nature of the duties you were performing when the injury occurred.

   N/A

## PARTIES

(In item I. below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any).

I.   Name of Plaintiff: <u>ARLIS GLENDELL BLOUNT, REG.  31606-018</u>
     Address: <u>FPC/MIAMI. P.O. BOX 779800. MIAMI. FLORIDA 33177</u>

(In Item II, below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. use the space below item II. for names, positions, and places of employment of any additional defendants.)

II.   Defendant <u>TAMYRA JARVIS, et al.</u>              is employed as <u>WARDEN</u>
      <u>SEE ATTACHED PAGE (4)(a)</u>      at <u>COLEMAN FCI-LOW</u>

## STATEMENT OF CLAIM

III.   State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet(s), if necessary).

<u>Please see attached pages 4(d-h)  for a more comprehensive review of relevant facts necessary for an understanding of the facts and claims.</u>

## PARTIES INVOLVED

1.  I.L. Negron (former Clinical Director, FCC Coleman)(Served).

2.  Lawrence Green, MD. (Physician, FCC Coleman)(served).

3.  Hossam Georgy (former acting Health Service Administrator, FCC Colemen)(not served).

4.  M. Perez (Asst. Health Service Administrator, FCC Coleman)(served).

5.  Ms. O. Grajales (current Clinical Director, FCC Coleman)(served).

6.  United States of America (not served, newly added).

## RELEVANT STATEMENT OF THE FACTS

1.  Prior to Plaintiff's imprisonment on federal drug related offenses, he had been diagnosed, by a physician (Dr. William Oktavick of St. Augustine, Fl.), with "cronic glaucoma" of the right eye, and was being treated by said physician.

2.  On or about March 27, 2008, the Plaintiff was, after being sentenced to seventy months in federal prison, placed in the care and custody of the United States Marshall and subsequently delivered into the custody of the United States Attorney General and Federal Bureau of Prisons (BOP) to begin serving his term of imprisonment.

3.  During the first month of his imprisonment, the Plaintiff advised Defendant L. Green of his eye condition and provided him with a list of the medications previously prescribed for his condition.

4.  Plaintiff, after being advised by Defendant Green that he, the Defendant, did not believe such medications would

4(a)

be provided, began to seek medical treatment by first following BOP procedures regarding signing up for sick call in order to be evaluated by a physician.

5.   During Sick Call, Plaintiff informed a Physician Assistant ("PA") Mr. Ravindram, of his eye condition, and Plaintiff was informed that the paperwork ("consultation") had been submitted to the proper authorities for follow-up. [See Exhibit A].

6.   Prior to July 7, 2008, of Exh. A, the Plaintiff repeatedly complained to prison medical officials of his need for eye treatment and pain in his head. [See Exhibits A-1 thru A-5].

7.   On October 2, 2008, after a consultation with a ophthalmologist, Plaintiff's eye medication recommendation was for "Pred Forte...and pr[e]fer[r]ed to use brand not generic [medication]." [See Exh. B & B-1].

8.   On November 12, 2008, Plaintiff, after having been evaluated by an optometrist, complained about his constant headaches and loss of vision. Defendant Green then referred the matter to Defendant Negron who was the then Clinical Director. [See Exh. C].

9.   On January 29, 2009, approximately nine months later, despite being evaluated by two ophthalmologist within a ten-day period, each stating that [a delay in performing surgery would ultimately result into my blindness], Plaintiff repeatedly begged prison medical staff for help regarding his eyes, both the left and right. [See Exhs. D and D-1 thru D-3].

10. Despite the recommendation, from the ophthalmologist that "Brand" rather than "generic" medication (Pred Forte) be provided for Plaintiff's condition [Exh. B & B-1], Plaintiff was provided the "generic" type of medication to which the Plaintiff complained was ineffective. [See Exhs. E & E-1]. See also, Exhibit F & F-1 (documents showing use of generic medication rather than prescribed "brand" meds.); and see Exhibit G (stating "Pred Forte...(no generic)"); and Exhibit G-2 (prescription for Pred Forte).

11. On November 11, 2009, approximately nineteen months after Plaintiff's plea for surgery, and only after Plaintiff lost all vision in his left eye and extreme damage to his right eye was surgery performed on Plaintiff's left eye.

12. Despite the surgery, Plaintiff's vision has not been restored in its entirety, and such has been declared to being unable to being fully restored.

13. Plaintiff has had two surgeries to his right eye to no avail, and is almost completely blind in that eye, able only to detect a tiny spot of a person's body. In sum, Plaintiff is legally blind in one eye, with his pupils being unable to dilate in either eye, and totally blind in the other.

14. On August 2, 2010, Plaintiff filed a tort claim against the United States pursuant to title 28 U.S.C. §2672 et seq., via the Administrative level. That claim was rejected as time-barred [Exhibit H & H-1]. However, upon correction, the claim was accepted and filed as timely. [See Exhibit H-2].

15. On February 18, 2011, the Regional Office Counsel denied Plaintiff's relief and afforded him six months in which

to bring suit in the federal court. [See Exhibit I].

16. On or about April 14, 2011, Plaintiff filed a timely Reconsideration [See Exh. J] which provided the government six months in which to respond; and on September 19, 2011, the government responded and affirmed its original denial of relief to Plaintiff, thus, providing him six months from September 19, 2011, in which to bring suit in this matter. [See Exhibit K]. This suit is timely pursuant to title 28 U.S.C. §2401(b) of the Federal Tort Claim Act.

## STATEMENT OF THE CLAIMS

Plaintiff respectfully asserts that each named Defendant's conduct, actions and/or inactions constituted derelict of duty, intentional and/or unwarranted delay, more than gross negligence, and/or denial of proper and/or necessary medical treatment while having full knowledge of the severity and seriousness of Plaintiff's medical situation regarding his losing and loss of his vision in both of Plaintiff's eyes.

1. Plaintiff have a constitutional right to proper and timely medical treatment from prison official regardless of when the initial injury occurred. Plaintiff, as demonstrated from the attached exhibits, requested, in fact pleaded, from the Defendants and their agents for medical assistance to help him not to lose his eyesight, but to no avail.

2. The actions and/or inactions of the Defendants and their agents, constitutes, as a matter of law, deliberate indifference to a serious medical need and substantial risk of serious harm to the Plaintiff, thus, causing him to endure and

suffer continuous excruciating pain in his head through his eyes, as well as the loss of the ability to see and perform everyday normal functions that others enjoy and that' the Plaintiff has previously enjoyed prior to the misconduct of Defendants and their agents.

3.   The actions and/or inactions of Defendant I.L. Negron, among other things, in refusing to follow the recommendation of the ophthalmologist to provide Plaintiff with a "non-generic" medication for his condition, and choosing the less expensive medication for non-medical reasons, contributed to, if not directly causing, Plaintiff to suffer needlessly and to subsequently lose his eyesight in both his eyes to the degree of injury to each eye.

4.   The actions and/or inactions of Defendant Lawrence Green, among other things, in refusing to follow the recommendation of the ophthalmologist to provide Plaintiff with a "non-generic" medication for his condition, like those of Defendant Negron, above, violated Plaintiff's rights to be free from cruel and unusual punishment.

5.   The actions and/or inactions of Defendants Hossam Georgy, M. Perez, and O. Grajales, in their respective positions during the time periods involved herein, also violated Plaintiff's rights to be free from cruel and unusual punishment.

6.   Plaintiff was diagnosed by a physician as needing cataract surgery in order to preserve his vision, but the actions and/or inactions of the Defendants in delaying,

unnecessarily, said surgery resulted into irreparable damage and/or loss of Plaintiff's ability to ever see with normal vision again.

### FIRST CAUSE OF ACTION

1.   The actions and/or inactions of Defendant I.L. Negron violated Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights when, in his official and individual capacity, the Plaintiff presented his complaint to this Defendant, was diagnosed with "cronic uveitis [in] both eyes" [See Exh. B at 1&2](stating "prefer Brand not generic [meds]"), and this Defendant, nonetheless, ordered Plaintiff to receive a "generic" medication. [See Exh. F-1].(stating "[c]omments" FCC Colemen Pharmacy stocks Prednisolone Acetate Ophthalmic...a generic A/B rated equivalent to the brand name, Pred Forte 1.0%"). But see Exh. G (stating "Pred Forte (No generic""); and Exh. G-1 (stating "Pred Forte-Better than generic")' and Exh G-2 .(stating "dispense as written. Pred Forte"). As Clinical Director, Defendant Negron was in a position of authority to direct that the Plaintiff receive the non-generic Pred Forte, which was better to treat Plaintiff's condition, but for the additional costs of the "brand", rather than generic, medication, Defendant Negron opted to order a medication to save money rather than to save Plaintiff's eyesight, and had notice, from Plaintiff, of the need for "immediate surgery to correct [his] eyesight". [See Exh. C]. Moreover, Plaintiff advised prison officials, who referred the matter to Defendant Negron, that the "Brand name Pred Forte...worked before [his]

incarceration but [that] the new generic d[id] not." [See <u>Exh.</u> <u>F-1</u>].

## SECOND CAUSE OF ACTION

The actions and/or inactions of Defendant L. Green, acting in his official and individual capacities as a physician for the Federal BOP, violated Plaintiff's rights, among other ways, as did Defendant Negron above; all in violation of Plaintiff's protected constitutional rights. Additionally, the Plaintiff repeatedly requested assistance from this Defendant who, in turn, ignored Plaintiff's pleas for help. [See <u>Exhibits C thru</u> <u>D-3</u>]. Defendant's actions and/or inactions were the proximate cause of Plaintiff's prolonged pain and suffering that eventually resulted into his loss of vision.

## THIRD CAUSE OF ACTION

The actions and/or inactions of Defendant H. Georgy, a Physician Assistant, acting as the Health Service Administrator ("HSA") during the time period relevant hereto, acting in his official and individual capacities did cause harm and injury to Plaintiff by preventing Plaintiff from being timely evaluated by the proper physician and instructing Plaintiff to simply "take Iburprofin for the pain" in his head and eyes despite knowledge of Plaintiff's serious eye condition.

## FOURTH CAUSE OF ACTION

The actions and/or inactions of Defendant O. Grajales, acting in her official and individual capacities as Clinical Director, violated Plaintiff's rights to be free from cruel unusual punishment in that this Defendant abused her position

to deprive Plaintiff of needed medication, as did Defendants Negron and Green, and stated that "as long as [Plaintiff] was at Coleman Low [he] would [not receive the expensive medication] because the generic type is all she uses and all [Plaintiff] will receive," which was the proximate cause of Plaintiff's pain and suffering and loss of vision.

## FIFTH CAUSE OF ACTION

The actions and/or inactions of Defendant M. Perez, acting in her official and individual capacities as Assistant HSA also violated Plaintiff's protected rights for the same reasons stated in the above Fourth Cause of Action, which are incorporated herein, to the extent applicable.

_March 12, 2012_
Dated

Respectfully submitted,

_Arlis G. Blount_
Arlis G. Blount
Reg. #31606-018
Federal Prison Camp/Miami
P.O. Box 779800
Miami, Florida 33177-9800

**4(h)**

## RELIEF

IV.     State what relief you seek from the court. Make no legal arguments. Cite no cases or statues.

1. **DECLARATORY JUDGMENT** that the acts, actions, and/or inactions of the defendants, as described herein, violated Plaintiff's constitution rights under the 5th, 8th, and 14th Amendments; and that defendants acts, actions, and/or inactions were the proximate causes of Plaintiff's unnecessary pain, suffering, loss vision, and permanent damages; and for subjecting Plaintiff to increased risk of substantial harm. [SEE CONTINUATION NEXT PAGE] 5(a)

Signed this _12th_ day of _March_ . 20 _12_

_____

**(Signature of Plaintiff or Plaintiffs)**

## DECLARATION

I, __ARLIS GLENDELL BLOUNT__ declare under penalty of perjury that I have read and subscribed to the above and state that the information contained therein is true and correct to the best of my knowledge.

Executed _March 12, 2012_ at _Miami Federal Prison Camp_
          **Date**                        **Place**

_____
                        **Signature of Plaintiff**

__PRO-SE__
                        **Signature of Attorney**
                          **(IF ANY)**

5

**CONTINUATION:**

## RELIEF REQUESTED

2.   **INJUNCTIVE RELIEF** enjoining defendants from further delayed treatment, surgery, and proper medication.

3.   **COMPENSATORY DAMAGES** from each defendant in the amount of two million dollars in United States currency for past, present, and future pain and sufferings, as well as future medical costs.

4.   **PUNITIVE DAMAGES** from each defendant in the amount of five million dollars in United States currency.

5.   Grant any other and further relief to which the Plaintiff is or may be entitled to receive.

March 12, 2012
Dated

Respectfully submitted,

Arlis G. Blount, <u>pro-se</u>
Reg. #31606-018

I hereby certify, under penalty of perjury (§1746) that the above statements are true and correct to the best of my knowledge and beliefs.

Arlis G. Blount
Reg. #31606-018

5(a)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:10-CV-655-WTH-TBS

ARLIS GLENDELL BLOUNT,

     Plaintiff,

vs.

TAMYRA JARVIS, et al.,

     Defendants.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CIVIL RIGHTS COMPLAINT

Plaintiff (sometimes referred to as "Mr. Blount") asserts that prison officials, by their actions, or the lack thereof, not only subjected him to cruel and unusual punishment, but also caused him to suffer permanent damage, including loss of his eyesight by failing or refusing to timely and properly provide medical treatment for his condition, and by willfully refusing to follow the recommendation of the opthalmologist to provide a "specific" type of eye medication which the defendants knew, or should have known, would cause irreparable damage to the Plaintiff.

The Eighth Amendment prohibition on cruel and unusual punishment imposes a duty on prison officials to provide prisoners, inter alia, with adequate medical care. Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment

forbidden by the Eighth Amendment. Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003). It is a showing of prison officials' deliberate indifference to an inmate's serious medical need that constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Generally, a serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention]. Id. In either situation, the medical need must be one that, if left unattended, poses a substantial risk of serious harm.

With respect to the first prong, Mr. Blount was diagnosed, by a physician, with, inter alia, [a serious problem of] glaucoma. [See Exh. F-1]; [See also Exh. B](chronic uveitis of both eyes). Surgery was also recommended, for the Plaintiff, by a physician not later than October 28, 2008 [See Exh. L]. In Campbell v. Fry, 896 F.2d 1366, 1990 WL 15601, *1 (4th Cir. 1990), the Court held that "after doctor recommended surgery to remove cataracts, cataracts constituted a serious medical need." In Ortiz v. Bezy, 281 Fed. Appx. 594, 598, 2008 WL 2415857, *3 (7th Cir. 2008), the Court held that "deterioration of vision in one eye caused by growths on plaintiff's eyes that was correctable by surgery constituted "serious medical condition" because doctors recommended treatment." See also White v. Snider, 2010 WL 331742, *5 (D.Nev. 2010)(triable issue of fact existed as to whether deterioration of vision in one eye caused by cataracts constituted serious medical need).

2.

Mr. Blount's blindness and/or partial blindness in one eye is similar to the inmate's impaired vision in <u>Freeman v. Lockhart</u>, 503 F.2d 1016 (5th Cir. 1974). There, the former Fifth Circuit, binding on the Eleventh Circuit via <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc)), held that an inmate stated a claim for deliberate indifference by alleging that prison officials failed to schedule surgery that was "required to correct the damage to his eyes," and that this failure resulted in permanent "physical impairment." See <u>Id.</u> at 1017-18.

Secondly, the plaintiff must prove that prison officials acted with an attitude of deliberate indifference to that serious medical need. <u>Farrow</u>, supra. Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. <u>McElligott v. Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999). Defendant Green had subjective knowledge of Plaintiff's serious medical needs regarding his eyes [<u>Exhibit B at 2</u>](signature verifying knowledge); Defendant Negron had subjective knowledge of the same [<u>Exhibit F-1</u>](typed signature verifying knowledge); and Defendants Georgy, Perez, and Grajales likewise had subjective knowledge of Plaintiff's serious medical needs regarding his eyes. [<u>See the Plaintiff's sworn Declaration, attached hereto, at ¶2</u>]. Additionally, each defendant, as previously demonstrated, had an opportunity and the authority, in their respective positions of authority, to intervene so as to cause Plaintiff to receive the <u>timely</u> and/or <u>undelayed</u> surgery to correct his vision, and also could have directed that the Plaintiff receive "non-generic" (Pred Forte) medication as

3.

recommended by the ophthalmologist [Exh. G]; however, each named defendant disregarded the seriousness of Plaintiff's condition, treating it as a non-emergency, which, due to the unnecessary delay in surgery, Plaintiff has suffered permanent damage and loss of eyesight.

The third component. Defendants' acts, actions and/or inactions were not the result of mere negligence, where each defendant was personally aware of Mr. Blount's continuous complaints of his pain and deteriorating vision in both of his eyes. It has been held that:

> "[A], prisoner's allegation that officials delayed...in providing him needed surgery...states a claim under the Eighth Amendment...[and, stated, that] [P]rovison of medical care that falls short of addressing the root problem can constitute deliberate indifference to a substantial risk of serious harm."

See Sulton v. Wright, 265 F. Supp. 2d 292 (S.D.N.Y. 5-29-2003).

The defendants refused to provide Plaintiff with the "non-generic" (Pred Forte) eye medication for a period between March 2008 until approximately June 2011, more than three years, which was either the direct cause of Plaintiff's permanent eye damage or otherwise was a major contributing cause of the same. Plaintiff does not waive the position that the delay in providing his cataract surgery for more than three years, was also the cause or major contributing factor that caused his permanent eye damage and loss of vision in his right eye.

A delay of nineteen months in repairing a prisoner's fractured thumb stated an Eighth Amendment claim in Jett v.

Penner, 439 F.2d 1091 (9th Cir. 2006). Failure to diagnose and treat a prisoner's throat cancer for more than two years stated an Eighth Amendment claim against BOP medical personnel for delaying the treatment. See Lopez v. U.S., (U.S.D.C.. E.D.N.Y.) Case #03-Civ-1729 (prisoner awarded $1,156,149.00). A defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. Hill, supra, at 1190 n.26; H.C. Hewett v. Jarrard, 786 F.2d 1080, 1086 (11th Cir. 1986)(same)(citing Ancata v. P.H.S., Inc., 796 F.2d 700, 704 (11th Cir. 1985)).

Here, there was no medical reason for defendants to delay, for more than three years, Plaintiff's right eye surgery nor for the delay in surgery of approximately twenty months, for Plaintiff's left eye.

*March 12, 2012*
Dated

Respectfully submitted,

Arlis G. Blount, pro-se
Reg. #31606-018
Federal Prison Camp/Miami
P.O. Box 779800
Miami, Florida 33177

5.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY THAT** a true and correct copy of the foregoing to served upon the Office of the United States Attorney's Special Assistant United States Attorney, Jeffrey T. Middendorf, located at: P.O. Box 1029, Coleman, Florida 33521-1029, on this 12 th day of _March_, 2012, by first class U.S. Mail.

Arlis G. Blount, pro-se

Reg.# 31606-018

**6.**

PS 5511.
8/14/;
Attachment ;

BP-S148.13   INMATE REQUEST TO STAFF   CDFRM

Oct. 1986
U.S. DEPARTMENT OF JUSTICE                    Federal Bureau of Prisons

TO: _EyE Docter_                              DATE: _7/7/08_

(Name and Title of Staff Member)

FROM: _Arlis G. Blount_          REGISTER No.: _31606-018_

WORK ASSIGNMENT: _noNE_               UNIT: _A-03_

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I have IRTIS IN my eyes. I'm Currently takking
medicine for Glaucoma and presure In my eyes
It Is very hard for me to See; exspecialy In
the day time without shades. I need surgery
on my eyes. I was already seeing a docter before
I got Incearserated. Docter william Ockteveer
St. Augustine Fl. Has all my medical files
on my Eye Condition. Thank You.

(Do not write below this line)

DISPOSITION:      Recived on 7/14/08

M- Blount-
Please Sign up for
sick call. Thanks

You are on the waiting list.        7/14/08 DE
Please watch the call out daily.

N.B. RAVINDRAN, PA
FCC Coleman Low, FL.               7/14/08

(Staff Member)                        (Date)

Exh. A

GEORGIA DEPARTMENT OF CORRECTIONS
**D. RAY JAMES PRISON**

**HEALTH SERVICES REQUEST**
THIS FORM IS NOT TO BE FILED IN THE HEALTH RECORD

Name _Arlis G. Blount_
State I.D. No. _31606-018_
Date of Birth _07-16-68_   Dorm _Pod 4_
Race _Black_            Sex _male_

---

**REQUEST:** Prisoner may check all statements that apply and submit to medical this entire form. Do not tear off yellow copy.

☐ **I wish to be seen at** ☑ **Medical**   ☐ **Dental**   ☐ **Other**         Sick Call for the following reason(s):

_left Eye hurts Body and Red, Also my_
_head hurting._

☐ **I do not wish to be seen at sick call,** however, I need:

    ☐ Medication refilled (Specify) _____
    ☐ Over-the-counter medication (Explain) _____
    ☐ Lab test results information (Specify) _____
    ☐ Appointment information regarding (Specify) _____
    ☐ Other (Specify) _____

☐ **I wish to cancel a previous sick call request date** _____/_____/_____

Patient Signature _____ Date Signed _____/_____/_____

**DISPOSITION:** Prisoner: Do not write in this section. Medication personnel only.   Date received: _4/8/08_

Disposition _____

_Seen_

Staff Signature: _I. Cool RN_                    Date Signed _4/8/08_

**HEALTH SERVICES REPLY:** Prisoner: Do not write in this section. Medical will forward prisoner yellow copy with response.

Name _Blount, Arlis_         State I.D. No. _31606-018_   Dorm _Fed #4_

Response _____

_Assessed + Tx'd + Ref_

Staff Signature: _I. Cool RN_                    Date Signed _4/8/08_

---

**VERIFICATION OF SERVICES PROVIDED:** Medical personnel will tear this completed section and send to the Business Office.

Prisoner _Blount, Arlis_    State I.D. # _31606-018_   Dorm _Fed Pod #4_
was seen by ☑ Medical   ☐ Dental   ☐ Other   on _4/8/08_

☐ $5.00 co-pay due   ☑ $5.00 copay is waived

☐ $5.00 copay is waived due to mental health condition.

Prisoner Signature: _____

Staff Signature _I. Cool RN_

**FOR BUSINESS OFFICE USE ONLY**

☐ Deducted $5.00 copay   ☐ No copay deducted   ☐ Deducted copay of $ _____   ☐ Account frozen for $ _____

WHITE COPY: Medical, Business Office        YELLOW COPY: Returned to prisoner with response.

Form 161 - Health Services Request - Charlton Printing & Office Supply, Inc., Folkston, GA 31537        PI-2064 (Rev. 8/99)   USE BLACK INK ONLY   DO NOT WRITE ON BACK

Exh. A-1

[ ] **Charlton County Jail**
[✓] **United States Marshal Service**

Name _Arlo Blount_

Federal I.D. No. _31606-018_

## HEALTH SERVICES REQUEST

THIS FORM IS NOT TO BE FILED IN THE HEALTH RECORD

Date of Birth _7/11/68_   Dorm _Pod-4_

Race _Black_   Sex _Male_

**REQUEST:** Detainee may check all statements that apply and submit to medical this entire form. Do not tear off yellow copy.

□ **I wish to be seen at**   ☑ **Medical**   □ **Dental**   □ **Other**      **Sick Call** for the following reason(s):

_1 Eye Hurts this is the 4th Request_
_Red and irritable. Need Medical Attion._

□ **I do not wish to be seen at sick call,** however, I need:

　□ Medication refilled (Specify) _____
　□ Over-the-counter medication (Explain) _____
　□ Lab test results information (Specify) _____
　□ Appointment information regarding (Specify) _____
　□ Other (Specify) _____

□ **I wish to cancel a previous sick call request date** ___/___/___

Patient Signature _____   Date Signed ___/___/___

**DISPOSITION:**   **Detainee: Do not write in this section. Medication personnel only.**   Date received: ___/___/___

Disposition _Received_

Staff Signature: _PF-eRN_   Date Signed _4/9/08_

**HEALTH SERVICES REPLY:**   Detainee: Do not write in this section. Medical will forward prisoner yellow copy with response.

Name _____   Federal I.D. No. _____   Dorm _____

Response _Assess/Tx Treter_

Staff Signature: _PF-nc RN_   Date Signed _4/9/08_

**VERIFICATION OF SERVICES PROVIDED:** Medical personnel will tear this completed section and send to the Business Office.

Detainee _Blount Arlis_   Federal I.D. # _31606-018_ Dorm _4_   _4/9/08_
　　　　　was seen by   ☑ Medical   □ Dental   □ Other   on _4/9/08_

□ $5.00 co-pay due   □ $5.00 copay is waived

□ $5.00 copay is waived due to mental health condition.

Detainee Signature _PL-846_   Staff Signature _PF-eRN_

**FOR BUSINESS OFFICE USE ONLY**

□ Deducted $5.00 copay   □ No copay deducted   □ Deducted copay of $ _____   □ Account frozen for $ _____

**WHITE COPY:** Medical, Business Office      **YELLOW COPY:** Returned to detainee with response.

Form 161 F - Health Services Request - Charlton Printing & Office Supply, Inc., Folkston, GA 31537      FI-2064 (Rev. 2/98)   USE BLACK INK ONLY   DO NOT WRITE ON BACK

**Exh. A-2**

[ ] **Charlton County Jail**
[X] **United States Marshal Service**

Name _Blount, Arlis_
Federal I.D. No. _31606-017_

**HEALTH SERVICES REQUEST**

THIS FORM IS NOT TO BE FILED IN THE HEALTH RECORD

Date of Birth _7-16-68_ Dorm _____
Race _13_ Sex _M_

**REQUEST:** Detainee may check all statements that apply and submit to medical this entire form. Do not tear off yellow copy.

◻ I wish to be seen at ☑ **Medical** ◻ **Dental** ◻ **Other**     **Sick Call** for the following reason(s):

_Chest Pain, headache, Nausea_

◻ **I do not wish to be seen at sick call**, however, I need:

   ◻ Medication refilled (Specify) _____
   ◻ Over-the-counter medication (Explain) _____
   ◻ Lab test results information (Specify) _____
   ◻ Appointment information regarding (Specify) _____
   ◻ Other (Specify) _____

◻ **I wish to cancel a previous sick call request date** ___/___/___

Patient Signature _____ Date Signed _4-22-0?_

**DISPOSITION: Detainee: Do not write in this section. Medication personnel only.** Date received: _4-22-05_

Disposition _Seen in medical_

Staff Signature: _K Smith LPN_ Date Signed ___/___/___

**HEALTH SERVICES REPLY: Detainee: Do not write in this section. Medical will forward prisoner yellow copy with response.**

Name _Blount Arlis_ Federal I.D. No. _31606-018_ Dorm _____

Response _Assess Refer TX_
_To HLP_

Staff Signature: _K Smith LPN_ Date Signed _4-22-05_

**VERIFICATION OF SERVICES PROVIDED:** Medical personnel will tear this completed section and send to the Business Office.

Detainee _Blount Arlis_ Federal I.D. # _316608_ Dorm _____ _4-22-05_
     was seen by ☑ Medical ◻ Dental ◻ Other   on _4-22-05_
◻ $5.00 co-pay due   ☑ $5.00 copay is waived
◻ $5.00 copay is waived due to mental health condition. Detainee Signature: _____ Staff Signature _K Smith LPN_

**FOR BUSINESS OFFICE USE ONLY**

◻ Deducted $5.00 copay   ◻ No copay deducted   ◻ Deducted copay of $ _____   ◻ Account frozen for $ _____

**WHITE COPY:** Medical, Business Office     **YELLOW COPY:** Returned to detainee with response.

Form 101 F - Health Services Request - *Charlton Printing & Office Supply, Inc., Folkston, GA 31537*    PI-3004 (Rev. 8/96)    **USE BLACK INK ONLY**    **DO NOT WRITE ON BACK**

**Exh. A-3**

EMPLOYEE V

[ ] **Charlton County Jail**
[✓] **United States Marshal Service**

Name _Arlis Blount_

Federal I.D. No. _31606 -018_

## HEALTH SERVICES REQUEST

THIS FORM IS NOT TO BE FILED IN THE HEALTH RECORD

Date of Birth _7-16-68_   Dorm _Pod 4_

Race _B_   Sex _Male_

**REQUEST:** Detainee may check all statements that apply and submit to medical this entire form. Do not tear off yellow copy.

✓ **I wish to be seen at** ✗ **Medical**   ☐ **Dental**   ☐ **Other**   Sick Call for the following reason(s):

_Lost out sight in Left eye and 1/2 sight in right eye_

☐ **I do not wish to be seen at sick call,** however, I need:

☐ Medication refilled (Specify) _____
☐ Over-the-counter medication (Explain) _____
☐ Lab test results information (Specify) _____
☐ Appointment information regarding (Specify) _____
☐ Other (Specify) _____

☐ **I wish to cancel a previous sick call request date** ___/___/___

Patient Signature _____   Date Signed _4, 26, 08_

**DISPOSITION:   Detainee: Do not write in this section. Medication personnel only.   Date received:** ___/___/___

Disposition _____

Staff Signature: _____   Date Signed ___/___/___

**HEALTH SERVICES REPLY:   Detainee: Do not write in this section. Medical will forward prisoner yellow copy with response.**

Name _____   Federal I.D. No. _____   Dorm _____

Response _____
_____

Staff Signature: _____   Date Signed _4, 29, 08_

**VERIFICATION OF SERVICES PROVIDED:** Medical personnel will tear this completed section and send to the Business Office.

Detainee _Blount Arlis_   Federal I.D. # _31606-018_   Dorm _4_   _4/29/08_

☐ $5.00 co-pay due   ✗ $5.00 copay is waived   was seen by ✗ Medical   ☐ Dental   ☐ Other   on _4/29/08_

☐ $5.00 copay is waived due to mental health condition.   Detainee Signature: _____   Staff Signature _____

**FOR BUSINESS OFFICE USE ONLY**

☐ Deducted $5.00 copay   ☐ No copay deducted   ☐ Deducted copay of $ _____   ☐ Account frozen for $ _____

**WHITE COPY:** Medical, Business Office   **YELLOW COPY:** Returned to detainee with response.

Form 161 P - Health Services Request - Charlton Printing & Office Supply, Inc., Folkston, GA 31537   PI-3064 (Rev. 8/99)   USE BLACK INK ONLY   DO NOT WRITE ON BACK

**Exh. A-4**

D. Ray James Prison
Folkston Georgia
## INTERVIEW REQUEST FORM

Name **Arlis Blount**       Date **4/27/08**
GDC#_____
Dorm & Bed _____ **D-D-4**

### Check the Box Of The Person With Whom You Would Like to Speak To

| | | |
|---|---|---|
| ☑ Warden | ☐ | Laundry |
| ☐ Deputy Warden Security | ☐ | Foodservice |
| ☐ Deputy Warden C&T | ☐ | Recreation |
| ☐ Major | ☐ | Library |
| ☐ Business Office | ☐ | Chaplain |
| ☐ Chief Counselor | ☐ | Dentist |
| ☐ Counselor_____ | ☐ | Vocation |
| ☐ Mental Health_____ | ☐ | Medical |
| ☐ Education | ☐ | Mailroom |
| ☐ Other (Please Specify)_____ | | |

**Briefly Describe The Issue You Would Like To Discuss**

I've lost all vision In my LR Eye
2nd Request to get Medical Attion
1/2 In my Rt Eye vision IS gone.
Every day Im losing all my Sight,
Need Medical help ASAP. Please.
I've contact my lawyer Grady Evum, Of Tamp ft. For legal action.

**Have You Already Discussed This Matter With Another Staff Member?** ☑ Yes ☐ No

**If yes, with whom?** All sagrents. And K-9 Capt, All Nurseing Staff

**What response did you receive?** I spoke with the head of Nurse
they told me that I was Denied to goh to An Eye
Docter by the marshely, I've could have seen him In April.

**Staff response to this request:** Saw this date 4/29/08. - scheduled for
eye appt next available date.

**Staff Signature** _____

Form 132 – Interview Request Form – Charlton Printing & Office Supply, Inc., Folkston, GA

**Exh. A-5**

BP-S802.060
FEB 05

## NON-FORMULARY DRUG AUTHORIZATION

CDFRM

## U.S. DEPARTMENT OF JUSTICE

## FEDERAL BUREAU OF PRISONS

**Patient name:**
BLOUNT, ARLIS

**Register number:**
31606-018

**Requestor:**
Ravindran, N. R. MLP

**Institution:**
COLEMAN FCC

**Drug requested:**
PrednisoLONE Ace. Ophth Susp 1%, 5 ml  [Pred Forte]

**Drug approved:**

**Dose and Regimen:**
Instil one drop every four hours in both eyes

**Date requested:**
10/02/2008

**Expiration of order:**
10/02/2009

**Diagnosis:**
Chronic uveitis both eyes, Iris Bombe' secondary to chronic uveitis left eye

**Reason(s) why formulary agent(s) cannot be used:**
Evaluated by Ophthalmology consultant today  and recommended Pred Forte 1% ophthalmic suspension and prfered to use "Brand  not generic"

**Formulary agent(s) tried:**

**Cost of therapy:**

**Cost of formulary agent:**

---

**Institutional Chief Pharmacist:**

**Action taken:**

**Date:**

**Comments:**

---

**Institution Clinical Director:**

**Action taken:**

**Date:**

**Comments:**

---

**Central Office Pharmacist:**

**Action taken:**

**Date:**

**Comments:**

---

**Central Office Physician:**

**Action taken:**

**Date:**

**Comments:**

---

Exh.  B 1 of 2

**Bureau of Prisons**
**Health Services**
**Consultation Request**

Request Approval Actions:

1/15/10

"Forte"

Pred Roots 12 (regenerin) ÷ qH a1 ˚05

Altromine 13 ÷ qH B·n 0J

Meluris Nigit mi Zenden for laser M5 0J

Theuder yours,

[signature]

WEIMuy un

JAN 15 2010

Exhibit —

**Exh. B-1**

OCT — unable to scan 2°
small pupil

A/p ① Chronic Uveitis ou

Increase Pred forte 1% q 4hrs —
(prefer Brand not generic)
Alphagan 0.1% ou BID
Cosopt ou BID

② Iris bombé 2° chronic uveitis OS

Schedule YAG peripheral
iridotomy OS.

10-2-08

Robert Mnew M

ORIGINAL

Green M.D.

**Exh. B 2 of 2**

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member)<br>Dr. GREEN / MEDICAL | DATE: 11/12/08 |
|---|---|
| FROM: Arlis Blount | REGISTER NO.: 31606-018 |
| WORK ASSIGNMENT: | UNIT: A3 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

Dr. Green... This Request serves as a desperate plea to have
the scheduled surgery on my eyes performed immediately. My
eyesight has become very blurry, and my head aches when I
begin to read anything. The medication I am taking does
nothing to alleviate the problem. I can't even fully parti-
cipate in my GED classes. Because of my poor sight and con-
stant headaches, I am failing in my classes. The last optometrist
I saw stated that I must have the surgery in order to cor-
rect my eyesight.
        This is an urgent matter that is seriously affecting my
health. Therefore, I respectfully request your immediate attention.

(Do not write below this line)

DISPOSITION:   Referred up to the Clinical Director

| Signature Staff Member<br>L. Green M. D. | Date 11-13-08 |
|---|---|

2  Record Copy - File; Copy - Inmate   **Exh. C**   This form replaces BP-148.070 dated Oct 86...

(A3)

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Dr. Green | 1/29/09 |
| FROM: Arlis Blount | REGISTER NO.: 31606-018 |
| WORK ASSIGNMENT: G. Am Kitchen | UNIT: A-03 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

I was told, I would see the Specialist, which Is
Dr. Stolte. Instead I saw another Optamalgist on
the 28ᵗʰ of this month. who brasically told me the same thing
that Dr. Richards, told me a week ago. I can't see anything
out of my left eye. I barely can see out of my Right
eye. It Is very painful to try, and focus on anything.
out of One eye.

_____

_____

_____

_____

(Do not write below this line)

DISPOSITION:  I already put in a new request
for you to see "Dr. Stolte".

**Exh. D**

| Signature Staff Member | Date |
|---|---|
| L. Green M. D. | 2-3-09 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Dr. Green (medical) | DATE: 4-8-09 |
|---|---|
| FROM: Arlis Blount | REGISTER NO.: 31606-018 |
| WORK ASSIGNMENT: EW Compound | UNIT: A-3 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

Again I'm calling on Medical for help,
You all told me a month ago I would be having
Surgery that month. You stop me from taking Aspirins.
So That's a part of my blood presure medicine. I've lost all
Sight in my left Eye. Its very hard to see out
of my Right Eye. I've spoken to Mr George.
Tuesday in main line. He Wrote my name In his
pad and regester number. Its geting very difficult for
me to see without this surgery. That I need.
    Thank You Arlis Blount

_____(Do not write below this line)_____

DISPOSITION:

See call out.

| Signature Staff Member  L. Green M.D. | Date 4-13-09 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

**Exh. D-1**

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM  `7004 0750 0003 8746 6065`
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Dr. Green | DATE: 4-26-09 |
|---|---|
| FROM: Arlis Blount | REGISTER NO.: 31606-018 |
| WORK ASSIGNMENT: EW-Compound | UNIT: A-3 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

I've wrote several cop-outs about
my eyes. I'm having head pain trying to
strain my eyes to see. I'm having head achs
Also having trouble sleeping at night.

Arlis Blount
Thank You

(Do not write below this line)

DISPOSITION:

Have you signed up for sick-call to
have your problem evaluated? the
PA is the person you need to see. He
will Refer [LEP 4/30/09] refer you to the optometrist
as needed.

| Signature Staff Member Edwards, HIT<br>Coleman, FL | Date<br>w | |
|---|---|---|
| OEdwards HIT | | APR 3 0 2009 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)           **Exh. D-2** This form replaces BP-148.070 dated Oct 86
                                                and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) *Dr Green* | DATE: 6-10-09 |
|---|---|
| FROM: *Arlis Blount* | REGISTER NO.: 31606-018 |
| WORK ASSIGNMENT: *E.w Compound* | UNIT: *A-3* |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

I would like to see you or my P.A
about my last vist to the Docter concerning
my eyes. This is my 4th Eveluations with
outside Docters. Everyone says the same thing
but noting is geting done.
I would like a copy of the Docters. I seen
on each out sid vist. And my I please
speak with you. Arlis Blunt
Dr. Richards, Dr. stulte, Dr. Kroul, and the
Dr. I seen on may 21, 2009.

**(Do not write below this line)**

DISPOSITION:

You are on the waiting list, to receive copies of the
Please watch the call out daily. information you requested.

| Signature Staff Member D. Edwards, HIT Coleman, FL | Date JUN 1 6 2009 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Printed on Recycled Paper

**Exh. D-3**

TRULINCS 31606018 - BLOUNT, ARLIS GLENDELL - Unit: COL-A-C

--------------------------------------------------------------------------------

FROM: 31606018
TO: Health Services
SUBJECT: ***Inmate to Staff Message***
DATE: 1/12/2010 6:48:04 PM

I am deeply concerned over the medication I am receiving from pill-line. It is not the same medicine I was prescribed and does not appear every effective.
   I should be getting Predforte and I am actually getting Predazone Please ensure I get the correct medicine.

No response

---------------------------------------------------------------------------------------------------

FROM: 31606018
TO: Health Services
SUBJECT: ***Inmate to Staff Message***
DATE: 9/7/2010 9:42:18 PM

Mrs. Perez

    On Sept. 1, 2010, I met with Dr. Green, I told him, I've been taken these generic eye drops, and some pills for over 2 years. For the last couple of weeks my prostate has been given me problems. I can't sleep at night, can't hold my urine. I've been going to the bathroom 5 to 6 times a night. Through out the day 4 to 6 times every hour.

    Dr. Green told me he was going to check my prostate; but he can't give me any new medication until they do the surgery on my right eye. This problem has been going on sence I've been here at Coleman. The generic medication has not stop the inflamation, is still a problem. Medication prescribed by Dr. William Octavick; my home physician had the inflamation under control. Please help me to stop suffering needlessly.

    Thank you very much for your assistance in this matter. Mr. "Blount"

No response.

**Exh. E-1**

13

TRULINCS 31606018 - BLOUNT, ARLIS GLENDELL - Unit: COL-C-B

--------------------------------------------------------------------------------------

FROM: Warden Low
TO: 31606018
SUBJECT: Re:***Inmate to Staff Message***
DATE: 11/10/2010 2:16:59 PM


Health Services has requested several times a non formulary request for
the medication as a non-generic. However, this request has been denied
by the Pharmacy. You are currently receiving your prescribed medication
in generic form. At this time you will continue with the medication
prescribed and supplied by Health Services.


Tamyra Jarvis
Warden
FCC Coleman - Low

>>> -^I"BLOUNT, -^IARLIS GLENDELL" <31606018@inmatemessage.com>
9/23/2010 11:41 AM >>>




Dear Warden,
    I've had surgery on my left eye Nov 11, 2009, I have not been
getting the medication that was prescribed for the inflammation in my
left eye, which was prescribed by the Retina specialist Dr. Kraut or the
mediation Dr. Wherly prescribed. The medical Dept. insist on giving me
the generic version which does not work. Both eyes are giving me
probelms, I am in pain, I cannot sleep, my condition is getting worse
because of improper medication.
    I feel the medical department and staff are exhibiting a
deliberate indifference and a reckless disregard to my health, pain and
suffering, and serious medical needs. I would like to have the
medication (non-generic) which Dr. Kraut and Dr. Wherly prescribed that
does work and relieves the pain in my eyes.
    Thank you very much for your help in this matter.


    Arlis Blount

This message is intended for official use and may
contain SENSITIVE information. If this message
contains SENSITIVE information, it should be
properly delivered, labeled, stored, and disposed
of according to policy."


**Exh. F**

BP-S802.060
FEB 05

**NON-FORMULARY DRUG AUTHORIZATION**

CDFRM

**U.S. DEPARTMENT OF JUSTICE**

**FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| **Patient name:** BLOUNT, ARLIS | **Register number:** 31606-018 |
| **Requestor:** Green, Lawrence MD | **Institution:** COLEMAN FCC |
| **Drug requested:** PrednisoLONE Ace. Ophth Susp 1%, 15 ml [Pred Forte] | **Drug approved:** |

**Dose and Regimen:**
1 drop Q 4 hours both eyes

**Date requested:**
12/12/2008

**Expiration of order:**
12/12/2009

**Diagnosis:**
pan uveitis   glaucoma  ou   acute and chronic

**Reason(s) why formulary agent(s) cannot be used:**
Opthmolgist rec Brand name  Pred Forte.  Patient says it worked before incarceration but the new generic does not.

**Formulary agent(s) tried:**

| **Cost of therapy:** $0.00 | **Cost of formulary agent:** $0.00 |
|---|---|

| | | |
|---|---|---|
| **Institutional Chief Pharmacist:** Dittert, Steven RPh | **Action taken:** Refer up | **Date:** 12/16/2008 |

**Comments:**
FCC Coleman Pharmacy stocks Prednisolone Acetate Ophthalmic Suspension, 1.0%, a generic A/B rated equivalent to the brand name, Pred Forte 1.0%.

| | | |
|---|---|---|
| **Institution Clinical Director:** Negron, Ivan L MD | **Action taken:** Refer up | **Date:** 12/16/2008 |

**Comments:**

| | | |
|---|---|---|
| **Central Office Pharmacist:** Bina, Chris PharmD BOP Chief Pharmacist | **Action taken:** Refer up | **Date:** 12/16/2008 |

**Comments:**
no therapeutic difference between the brand and generic as determined by the FDA.  Use of generic is recommended.

| | | |
|---|---|---|
| **Central Office Physician:** Allen, Jeff MD BOP Chief Physician | **Action taken:** Disapproved | **Date:** 12/16/2008 |

**Comments:**
BEMR Profile and notes suggests non-adherence to generic prednisolone.  Recommend adherence to formulary medications first.

Generated 12/17/2008 10:24 by Georgy, Hossam

Bureau of Prisons - COL

Page 1 of 1

**Exh. F-1**

## Bureau of Prisons
## Health Services
## Consultation Request

| | | |
|---|---|---|
| Inmate Name:  BLOUNT, ARLIS GLENDELL | Reg #:  31606-018 | Complex: COX |
| Date of Birth:  07/16/1968 | Sex:  M | |

**Report of Consultation**

Inmate Name: BLOUNT, ARLIS GLENDELL
Date of Birth: 07/16/1968
Institution:    COLEMAN LOW FCI
846 NE 54TH TERRACE
COLEMAN,Florida 33521
3526894000

Reg #:      31606-018
Sex:         M

DO
Not
STOP DROP!!

Pred Forte 1% (no generic)
† q4† Ql° OS

Atropine 1% † q6† OU OS

Prednisone 60 mg Taper 10 d. (written)

Timolol 0.5% † q† BID OU

Return visit 1 week. — consult written

Completed By:

Get old records if available + prior Opt ↓
Optima
Consult

Report may be hand-written or (preferably) typed on this form. If dictated on office or hospital letterhead to follow, please indicate essential findings or recommendations to be acted upon pending final report.

Follow-up services and primary responsibility for inmate health care remains with Bureau of Prisons staff. While discussion of diagnostic/treatment options with the inmate may be appropriate, they are subject to review by the inmate's primary care provider, the institution utilization review committee and/or the BOP National Formulary.

Please notify institution prior to scheduling surgery dates or follow-up appointments.

Inmate not to be Informed of appointment dates.

REVIEWED
DEC 3 - 2009

## Bureau of Prisons
## Health Services
## Consultation Request

Inmate Name: BLOUNT, ARLIS GLENDELL          Reg #: 31606-018     Complex COX
Date of Birth: 07/16/1968 00:00              Sex: M

**Report of Consultation**

Inmate Name: BLOUNT, ARLIS GLENDELL
Date of Birth: 07/16/1968 00:00                    Reg #:     31606-018
Institution:    COLEMAN LOW FCI                    Sex:       M
                846 NE 54TH TERRACE
                COLEMAN,Florida 33521
                3526894000

Better than genuni

4/12/10

**#2**

↓ Pred Forte 15 × qH GAM OT

Cont Pred Forte 12 × qH Q2°OS

Cont glaucoma qtts as scheduled

Diamox 250mg Qin ; Atropine 12 × BID OU

Flw 1 month ; Needs Retinal Consult ASAP

Thank you,        P. DAVILA, MD   4-18-10

                   WE thing my

Completed By:

Report may be hand-written or (preferably) typed on this form. If dictated on office or hospital letterhead to follow, please indicate essential findings or recommendations to be acted upon pending final report.

Follow-up services and primary responsibility for inmate health care remains with Bureau of Prisons staff. While discussion of diagnostic/treatment options with the inmate may be appropriate, they are subject to review by the inmate's primary care provider, the institution utilization review committee and/or the BOP National Formulary.

Please notify institution prior to scheduling surgery dates or follow-up appointments.

Inmate not to be informed of appointment dates.

Exh. G-1

Mark J. Vocci, M.D., PH.D
Shelby Terpstra, D.O.

Scott R. Wehrly, M.D.
Scot Holman, M.D.

NAME: *Arlis Blount*

ADDRESS:

R℞

AGE:

DATE: 4/12/10

☐ LABEL
☐ REFILL
_____ TIMES

☐ DISPENSE AS WRITTEN

*Pred Fork Ophth Sol*
*Disp: 10 mc*
*4 Sis: T 9 H bot OD Q5*
*T 9 H Q20 0S*

P. DAVILA, M.D.

LAKE EYE ASSOCIATES Medical & Surgical Eye Care

Not For Controlled Substances

M.D.

901 N. Grove St., Eustis, FL 32726
601 E. Dixie Ave. Medical Plaza 201, Leesburg, FL 34748
1400 US Hwy. 441 N., Suite 521, The Villages, FL 32159

Telephone (352) 589-2020
Telephone (352) 365-

<u>Exh. G-2</u>

# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.)  (Number, Street, City, State and Zip Code) |
|---|---|
| Federal Bureau of Prisons<br>3800 Camp Creek Parkway<br>SW Bldg.2000<br>Atlanta,GA 30331-6226 | Arlis G.Blount # 31606-018<br>FCC Cloeman-Low<br>P.O.Box 1031<br>Coleman,FL 33521-1031 |

| 3. TYPE OF EMPLOYMENT<br>○ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>07/16/68 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>on going from may 2009 | 7. TIME (A.M. OR P.M.)<br>Both A.M. and P.M. |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

(Please see attached "8. Basis of Claim ")

## PROPERTY DAMAGE

9.   No Property damage Involved.

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

N/A

## 10.   PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT:  Since Claimant Blount entered the BOP in March 2008.The Medication that he was taking as treatment [Pred Forte] outside for glaucoma in his right eye was discontinued.As a result it also transferred or assisted in transferring to his good left eye glaucoma.Now his vision has diminished to 20/100 in his right eye and to 20/400 in his left eye.

## 11.   WITNESSES

| NAME | ADDRESS (Number, Street, City, State and Zip Code) |
|---|---|
| Claimant Blount's medical record at FCC Coleman-Low will serve as his Witness in this matter. | FCC Coleman-Low<br>846 NE 54th Terrace<br>Coleman,FL 33521=1031 |

12. (See instructions on reverse.)   AMOUNT OF CLAIM (In dollars)   $5,000,000.00

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| None involved | $5,000,000.00. | None involved | $5,000,000.00. |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Arlis G. Blount* | 13b. Phone number of person signing form<br>No Phone Available | 14. DATE OF SIGNATURE |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING<br>FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT<br>CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109          NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

RECEIVED
AUG - 2 2010
REGIONAL COUNSEL'S OFFICE
BUREAU OF PRISONS

**Exh. H**



**U.S. Department of Justice**

**EXHIBIT-**

Federal Bureau of Prisons

*Southeast Regional Office*

Building 2000
3800 Camp Creek Parkway, SW
Atlanta, Georgia 30331-6226

August 10, 2010

Arlis Blount
Reg. No. 31606-018
FCC COL
P.O. Box 1031
Coleman, FL 33521

Re:   Invalid Administrative Claim #TRT-SER-2010-05618

Dear Claimant:

Title 28, section 2401(b), states that..."a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues... ." In your administrative claim you state the incident occurred in March 2008. Accordingly, your claim should have been received for filing no later than March 2010. Your initial submission was received by this agency on August 2, 2010. This date is clearly beyond the statutory time limit to file a claim against the government. Therefore, we find that you have not properly presented your claim within the statutory time period to make a claim against the government. Because your claim as presented is time barred, your claim is not accepted for filing and is being returned to you unanswered.

Any documentation you may have indicating you properly presented your claim for filing within the two year statutory time period, should be forwarded to this office. Once the information is received, your claim will be reviewed for consideration of proper filing at that time.

Sincerely,

Lisa M. Sunderman
Regional Counsel

Enclosures

**Exh. H-1**



**U.S. Department of Justice**

Federal Bureau of Prisons

*Southeast Region*

*Building 2000*
*3800 Camp Creek Parkway, SW*
*Atlanta, Georgia 30331-6226*

August 30, 2010

A3

Arlis Blount
Reg. No. 31606-018
FCC COL
P.O. Box 1031
Coleman, FL 33521

*received thru mail*
*received 9/15/2010*

Re:    Administrative Claim #TRT-SER-2010-05618

Dear Claimant:

This acknowledges receipt of an administrative tort claim you are submitting for filing wherein you allege personal injury and/or damage to, or loss of personal property. The claim was accepted for filing on August 25, 2010, by the agency involved in your alleged loss/injury. The Government is afforded six months from the date the claim is accepted for filing to make a final disposition regarding your claim. Therefore, an answer to your claim will be mailed on or before February 21, 2011. It is your responsibility to keep this office apprised of your present address.

If not included with your claim, you will need to provide a complete copy of all records (**do not send originals as they will not be returned**) in your possession relating to this claim as well as a detailed description of the events surrounding the alleged loss. You are advised that failure to provide this information may result in delay in processing, or prejudice the outcome of your claim.

Sincerely,

Lisa M. Sunderman
Regional Counsel

**Exh. H-2**



**U.S. Department of Justice**

Federal Bureau of Prisons

*Southeast Regional Office*
3800 Camp Creek Pkwy., SW., Bldg. 2000
Atlanta, Georgia 30331-6226

**CERTIFIED MAIL**
7010 1870 0001 7446 7559

February 18, 2011

Arlis G. Blount
Reg. No. 31606-018
Federal Correctional Complex
Low Security Institution
P.O. Box 1031
Coleman, FL 33521

**RE: Administrative Tort Claim Numbers TRT-SER-2010-05618**

Dear Claimant:

Your claims have been considered for administrative settlement under the Federal Tort Claims Act (FTCA), Title 28 United States Code (U.S.C.) Section 2672 et seq., and authority granted by Title 28 Code of Federal Regulations (C.F.R.) Section 0.172. Section 2672 of the FTCA delegates to each federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

You are seeking monetary damages in the amount of $5,000,000.00 for an allege personal injury. You claim deliberate indifference and medical negligence in the medical treatment you were provided for your eye condition while at FCC Coleman, Low, beginning October 17, 2008. You have provided a number of lengthy documents describing the care received and your complaints with such. In general, you allege that staff were negligent in providing medical attention for your glaucoma and uveitis condition, providing timely surgery, and treating your cataract in your right eye. Additionally, you specifically contend that you were denied prescribed medication, Pred Forte, for your "chronic glaucoma" and instead given a generic and that your specialists were not given all outside medical records when you visited. Based on this claimed negligence, you assert it is too late for you to undergo surgery and you have lost vision in both eyes.

To the extent you raise constitutional claim of deliberate indifference to your medical needs, civil rights claims are not within the purview of the FTCA. In accordance with 28 U.S.C. § 1346(b), the FTCA is a limited waiver of sovereign immunity providing compensation for property loss or personal injury which results from the negligent or wrongful act or omission of an employee of the United States who is acting within the scope of his employment. This statute does not establish a compensatory scheme or cause of action for alleged violations of the Constitution of the United States.

**Exh. I   1 of 3**

We have reviewed your claim along with reports from appropriate staff members. The investigation conducted into this matter reveals you arrived at FCC Coleman on July 2, 2008, with a history of eye problems since 2006 (chronic iritis, chronic uveitis, and glaucoma) and hypertension. You were provided appropriate medications and treatment and placed in the chronic care clinic. Since you allege multiple issues, each one will be addressed individually.

## Treatment for Iritis, Uveitis, and Glaucoma

Even though you claim Bureau medical staff failed to properly treat your chronic conditions, there is no evidence in the medical records, nor do you provide any evidence to support your claim. When you arrived at FCC Coleman, you were immediately seen by medical staff and provided appropriate medication for your chronic conditions. For background purposes, on August 7, 2008, you were seen by the optometrist who determined you should be seen by an ophthalmologist. On August 29, 2008, you were seen by the ophthalmologist as recommended, who continued you on your current medications and recommended further testing. Following the first meeting with the ophthalmologist, the treatment for your chronic condition was consistently provided by outside specialist due to your chronic and pre-existing conditions. In fact, records show that following the first visit with the ophthalmologist until the present, you were seen by outside specialists on over thirty (30) occasions, including a optometrist, ophthalmologists, retinal specialists, and a rheumatic specialist. The recommendations made by these specialists were followed consistently by Bureau medical staff, including their recommendation on when medically appropriate procedures, including medication and surgeries, should be performed. These recommendations that were consistently approved by Bureau medical staff were made to treat your chronic iritis, uveitis, and glaucoma. Records also reveal that all tests that were recommended by the outside specialist were completed in a timely manner so procedures could be preformed. There is no indication that the specialist were unable or delayed in providing medically necessary treatment due to the lack of medical records.

## Pred Forte Medication

You further claim that you have not been provided the appropriate medication; however, a review of your medical records reveals that you have been provided the medications that have been recommended by the specialists during the course of your treatment. Contrary to your claim that you should be receiving the brand name medication, Pred Forte, there is no evidence to support your claim that the brand Pred Forte is better or more effective than the generic form. The generic form of Pred Forte has the same dosage, intended use, effect, and make-up of the brand name counterpart. The FDA requires that generic drugs be as safe and effective as the brand name drug. It should also be noted that according to medical records, you have been inconsistent in taking this generic medication prescribed for your condition.

## Cataract Surgery

On January 6, 2009, you were seen again by the ophthalmologist who recommended cataract surgery of the left eye and continued you on medication, including steroids to minimize inflamation. It should be noted that due to your chronic uveitis that existed prior to your incarceration, the cataract surgery could not be performed until the inflamation in your left eye was lowered. Your condition was continuously monitored on various dates pending the non-urgent cataract surgery. On May 28, 2009, you were seen again by the ophthalmologist, who

noted your continued chronic uveitis.. The specialist recommended a follow-up appointment in one month and he adjusted the medications to decrease the inflamation required before the cataract surgery. Medical staff followed the recommendations made and adjusted your medication accordingly. On June 24, 2009, you were seen again by the ophthalmologist who requested all of your consultations to determine the best course of treatment. Even though cataract surgery had been previously approved on both eyes, it was noted that cataract surgery should be completed on your left eye before it is performed on your right eye. On November 3, 2009, medical records noted that you informed staff that you had stopped taking the eye drops that decrease the inflamation of the eye and the medication tablet that decreases the pressure in the eye. Regardless, on November 5, 2009, you were still seen by an ophthalmologist for a pre-op for the scheduled left eye cataract surgery.

On November 11, 2009, the ophthalmologist performed cataract surgery on your left eye. Following your surgery, you were seen again on multiple occasion by the ophthalmologist to monitor your condition. Once the specialist handling your treatment determines it is safe to proceed on this non-urgent surgery, it will be performed.

In summary, according to medical records, you suffer from a chronic condition that existed well before you arrived at FCC Coleman. Following your arrival, medical staff properly referred you to a specialist to treat your chronic condition, and you have continued to be seen by specialists as recommended. The record clearly shows that you were seen on numerous occasions, often on a weekly basis, by various contract providers in the community. Additionally, you have been provided the appropriate medication based on the recommendations by the specialists during the course of your treatment. Further, even though you do not specify what type of "surgery" is "too late" to have, there is no evidence that you are unable to undergo surgery due to any act or omission by medical staff at FCC Coleman. According to medical records, Bureau medical staff have continuously followed the recommendations of the specialists who have seen you, and continue to see you, in treating your chronic condition. Furthermore, the loss of vision you suffer from is the result of your pre-existing chronic condition, not staff negligence.

Based on the above, there is no evidence to indicate that you have sustained an injury or loss caused by the negligent or wrongful act or omission of any Bureau of Prisons employee acting within the scope of his or her employment. The record clearly indicates Bureau medical staff provided appropriate medical treatment. The records also indicate all of your medical concerns have been addressed and treated in a professional manner, and the medical treatment provided was consistent with evidence based proven effective medical care in accordance with approved policy. Therefore, your claim is denied.

You are advised that if you are dissatisfied with our determination in this matter, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

Sincerely,

Lisa M. Sunderman
Regional Counsel

cc:    Warden, FCC Coleman (CLP)
       Attn: FTCA Coordinator

**Exh. I   3 of 3**

**U.S. Department of Justice**
Federal Bureau of Prisons

_Southeast Regional Office_

C 2

| |
| --- |
| _Building 2000_ |
| _3800 Camp Creek Parkway, SW_ |
| _Atlanta, Georgia   30331-6226_ |

April 14, 2011

Arlis Blount
Reg. No. 31606-018
FCC COL
P.O. Box 1031
Coleman, FL  33521

RE:  Tort Claim Number TRT-SER-2010-05618

Dear Claimant:

This acknowledges receipt of your request for reconsideration of the denial of your administrative tort claim filed pursuant to the Federal Tort Claims Act.   You are seeking $5,000,000 in damages for the alleged personal injury.

The file regarding this claim has been reviewed and we note you were informed, via determination letter dated February 18, 2011, of the denial of your claim.   In your request for reconsideration you present copies of your medical records in support of your claim.   Based on the aforementioned, your request for reconsideration has been accepted.

In accordance with the Federal Tort Claims Act, 28 U.S.C. Section 2675(a) the Government is afforded six months from the date of filing a timely request for reconsideration to make a final disposition of the claim,   By our calculation an answer to your claim will be mailed on or by September 30, 2011, which is six months from the April 1, 2011, request for reconsideration.

Sincerely,

Lisa M. Sunderman
Regional Counsel

**Exh. J**



U. S. Department of Justice

Federal Bureau of Prisons

*Southeast Regional Office*
*3800 Camp Creek Pkwy SW*
*Bldg 2000*
*Atlanta, GA 30331*

**CERTIFIED MAIL**
7009 2250 0003 8489 5411

September 19, 2011

Arlis G. Blount
Reg. No. 31606-018
Federal Correctional Institution
P.O. Box 779800
Miami, FL 33177

RE:   **Request for Reconsideration - TRT-SER-2010-05618**

Dear Claimant:

Your request for reconsideration has been considered for administrative settlement under the Federal Tort Claims Act (FTCA), Title 28 United States Code (U.S.C.) Section 2672 et seq., and authority granted by Title 28 Code of Federal Regulations (C.F.R.) Section 0.172. Section 2672 of the FTCA delegates to each federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

You were notified of the denial of the above administrative claim via a certified letter dated February 18, 2011. In your request for reconsideration, you allege that after three years of mismanaged treatment, the contract optometrist stated on November 9, 2010, that you are at risk for total blindness if not treated immediately. You claim BOP medical staff has failed to provide you with the recommended eye surgery, delayed the first surgery, and failed to provide you with the prescribed name brand medication.

A second review of your claim did not reveal any new information. As mentioned during your initial claim, BOP medical staff has continuously followed the recommendations made by the specialists that have been treating your multiple chronic eye conditions. Even though you claim that you did not receive timely cataract surgery (you claim a delay from 1/11/09 to 11/11/09), as stated previously, the surgery was non-urgent and was performed after the specialists treating you deemed it was appropriate to proceed. It should be further noted that records reveal that you acknowledged not taking your medication which may have delayed the improvement in your eyes.                   **Exh. K   1 of 2**

In regard the claimed recommendation for surgery in January 2010, it was approved by the Federal Bureau of Prisons. However, even though it has been recommended by specialists, it has

not been scheduled by any of the specialist because of the increased ocular pressure (glaucoma) in your right eye. Also, as recently as January 20, 2011, medical records reveal that you refused to take Prednisone, an oral steroid prescribed by the Retinal Specialist to address the chronic inflammation in your eyes. The record further reveals that medical staff explained to you that the potential consequences of your refusal could lead to a complete loss of vision in your eyes, and that it would delay cataract surgery in your right eye. Even after being explained these potential consequences, you still refused. Additionally, it should be further noted that on June 6, 2011, Bureau medical staff arranged for you to be seen at the Bascom Palmer Eye Institute, recognized by many as the best overall ophthalmology institute in the country, for the continued treatment of your multiple chronic conditions. Since that examination, you have been seen at the Bascom Palmer Eye Institute on two other occasions, and cataract surgery for your right eye has not been recommended. Thus, there is no evidence of staff negligence, in that such is not medically indicated at this time.

You also restate that BOP medical staff has not provided you with the brand name medication, Pred Forte. Again, the generic form of Pred Forte has the same dosage, intended use, effect, and make-up of the brand name counterpart. The FDA requires that generic drugs be as safe and effective as the brand name drug. Even though some of your providers on occasion have indicated that the brand name should be utilized, there is no evidence, nor have you provided any evidence that the generic has been ineffective. As previously mentioned, medical records reveal that you have been non-compliant with medications in the past, which may have contributed to any discomfort you may have experienced. It should also be noted that the Bascom Palmer Eye Institute, again recognized as the leader in its field, did not indicate the brand name Pred Forte should only be prescribed. The "Instructions for Medication Use" form dated June 6, 2011, only prescribed prednisolone acetate to be used four times a day in the right eye, and one time every hour in the left eye.

Therefore, based on the above information, there is no evidence that staff provided negligent treatment for your medical condition. Our review of the information provided regarding the reinvestigation of your claim, and your request for reconsideration, we have determined you did not raise any issues which would cause our initial decision to change. The records and our review clearly indicate you were provided with appropriate and evidence based medical care. Therefore, we reaffirm the previous denial of your claim.

You are advised that if you are dissatisfied with our determination in this matter, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

Sincerely,

Lisa M Sunderman
Regional Counsel

cc:     Warden, FCC Coleman
        Attn: FTCA Coordinator

                    **Exh K   2 of 2**

**Bureau of Prisons**
**Health Services**
**Consultation Request**

Inmate Name: BLOUNT, ARLIS GLENDELL          Reg #:   31606-018      Complex: OOX
Date of Birth: 07/16/1963                    Sex:    M

Request Approval Actions:

F/u chronic uveitis ou
s/p YAG pi os 2° angle closure
glaucoma. PST kenalog od 10/08.

$\sqrt{SC} < \frac{20}{50}$   CF 2'

Brimonidine ou BID
Cosopt ou BID
HCTZ
PF 1% ou q 4°
stopped Prednisone pills last month

$T < \frac{16}{10}$

REVIEWED
JAN 26 2009
LAWRENCE GREEN, MD

SLE

ll wnl conj quiet
cornea clear   ac trcell 1+ flare od,
1+ cell 1+ flare os   pi ou
lens post synechia   os > od,
mature cataract os.

A/p  ① Chronic uveitis ou
     ② s/p PST kenalog injection ou
     ③ s/p YAG pi ou

uveitis appears more quiescent
today. Rec continue topical antiinflammatory
treatment for now. Refer back to
Dr Stolte for cataract surgery os.
Recommend pre op topical NSAID's
and increased frequency topical steroids
to minimize post op inflammation, cue
flu Dr Kraut post op to evaluate   Robert Kraut
refrac.

Exh. L